IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 18-cr-30023 |
| **CHRISTOPHER HARRIS,** | ) ) ) |
| Defendant. | ) |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Defendant's Motion to Require the Government to Make a "Santiago Proffer" (d/e 38) and Motion to Require the Government to Disclose "Dual-Role" Witnesses, for Determination of Admissibility of Expert Testimony Offered Thereby, and to Require the Government to Structure Its Examination of Said Witnesses (d/e 39).

Defendant is requesting that the Government make a "Santiago Proffer" pursuant to United States v. Santiago, 582 F.2d 1128, 1130-31 (7th Cir. 1978), which is a pretrial proffer of a co-conspirator's hearsay statements that a district court may conditionally admit. The Government filed a response stating that

it does intend to elicit co-conspirator hearsay testimony.  See Response, d/e 51.  As such, the Government does not object to Defendant's request for a disclosure.  However, the Government believes that disclosure at this time is premature.  Defendant does not ask for a specific date for such disclosures.  Therefore, the Court GRANTS IN PART Defendant's Motion to Require the Government to Make a "Santiago Proffer" (d/e 38) in that the Government is ordered to make a "Santiago Proffer" prior to the Court conditionally admitting any alleged co-conspirator hearsay testimony.  The parties are DIRECTED to submit by June 25, 2021, a proposed date for the "Santiago Proffer."

    Defendant also asks the Court to order the Government to provide a list of dual-role witnesses – one who testifies to facts and offers opinion testimony – who will testify at trial and require the Government to structure its examination of said witnesses properly – factual testimony first then opinion testimony separately. Defendant also requests a hearing prior to trial to determine admissibility of the proffered opinion testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The Government responded that it does not intend to call any dual-

role witnesses, but if it does intend to call any such witnesses, the Government will notify defense counsel and structure the direct examination consistent with <u>United States v. Jett</u>, 908 F.3d 252, 269 (7th Cir. 2018) ("When a district judge learns that the government intends to put on dual-role testimony from a case agent, it should first encourage the government to present the expert and lay testimony separately."). Therefore, the Court hereby DENIES AS MOOT with leave to refile Defendant's Motion to Require the Government to Disclose "Dual-Role" Witnesses, for Determination of Admissibility of Expert Testimony Offered Thereby, and to Require the Government to Structure Its Examination of Said Witnesses (d/e 39).

**ENTERED: June 1, 2021.**
**FOR THE COURT:**

                *s/ Sue E. Myerscough*
                **SUE E. MYERSCOUGH**
                **UNITED STATES DISTRICT JUDGE**